UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VARTAN DIXON, | CASE NO. C20-1838 RSM |
| Plaintiff, | ORDER |
| v. | |
| CITY OF SEATTLE, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's motion seeking leave to file an amended complaint to remove his federal claims and have the matter remanded to King County Superior Court. Dkt. #10. Having considered the motion, the briefing of the parties, and the remainder of the record, the Court grants Plaintiff's motion.

Plaintiff filed this action in a Washington State court, namely the Superior Court in and for King County. Dkt. #1-2. Plaintiff asserted claims for employment discrimination and retaliation and specifically alleged violations of 42 U.S.C. §§ 1981 and 1983. Dkt. #1-2 at 7. On the basis of Plaintiff's federal claims, Defendant City of Seattle, removed the action to this Court. Dkt. #1. Plaintiff now seeks to file an amended complaint omitting his federal claims in order to have the matter remanded to state court for consideration of his state law claims. Dkt. #10.

The Court finds it appropriate to grant Plaintiff leave to file his amended complaint. Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice

ORDER – 1

so requires." FED. R. CIV. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). Here, Defendant does not oppose the amendment, the factors counseling against amendment do not appear present,[1] and the matter remains in its preliminary stages. The Court accordingly grants Plaintiff leave to file his amended complaint.

Having eliminated his federal claims, Plaintiff further seeks remand of this action to state court. Dkt. #10 at 3. Defendant acknowledges that the Court has discretion to remand the action to state court but argues that the Court should not. *See* Dkt. #13 at 2–3 (Defendant arguing that Court should exercise discretion in its favor); 28 U.S.C. § 1367(c) (delineating when district courts may decline to exercise supplemental jurisdiction). More specifically, Defendant argues that Plaintiff's actions were manipulative and that the Court should dismiss the remaining claims without prejudice and force Plaintiff to refile in state court if he wishes.

In determining whether to exercise its discretion to retain jurisdiction over state law claims after federal claims have been eliminated, the Court is guided by the familiar "values of economy, convenience, fairness, and comity." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988)). "[I]n the usual case . . . the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill,* 484 U.S. at 350 n.7.

This case remains in its initial stages and no significant litigation has occurred so judicial economy will not be served by maintaining the action federal court. Both venues would appear

---

[1] Specifically, the Court is to consider whether there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Eminence Capital, LLC*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

ORDER – 2

to be equally convenient to the parties. Fairness tips in Plaintiff's favor as Plaintiff made a legitimate decision between his choice of forum and whether to pursue federal claims, electing to pursue a state court forum. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). Similarly, comity tips in Plaintiff's favor as Plaintiff's remaining state law claims are best heard in state court. Indeed, it appears that the only real purpose served by dismissal of Plaintiff's state law claims would be to cause Plaintiff to incur increased costs in refiling his action. Accordingly, the Court finds that remand is appropriate in this case.[2]

Having reviewed Plaintiff's motion, the briefing of the parties, and the remainder of the record and for the reasons set forth above, the Court finds and ORDERS that Plaintiff's Motion for Leave to File First Amended Complaint, and for Remand to King County Superior Court (Dkt. #10) is GRANTED. Within fourteen (14) days of the Court's order, Plaintiff is to file his First Amended Complaint (Dkt. #10-1). Upon filing of the First Amended Complaint, this case is to be REMANDED to the Superior Court of Washington in and for King County. Upon causing this matter to be remanded to state court, the Clerk shall administratively CLOSE the matter.

Dated this 3rd day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court does not find it necessary to address Defendant's request that the Court specify for Plaintiff, who may proceed pro se, that he may not reassert his federal law claims in state court. Dkt. #13 at 3. As Plaintiff notes, any clarification that may be necessary in this regard is more appropriately addressed by a state court judge.

ORDER – 3